Dear Senator Siracusa:
In your recent correspondence to this office you bring to our attention Act 1208 of the 1999 Regular Legislative Session entitled "Louisiana Check Cashing Law". Beginning January 1, 2000, a person engaging in "currency exchange" as a "check-casher" is required to be licensed by the Office of Financial Institutions.[1] The phrases "check-casher" and "currency exchange" are defined by Act 1208 in R.S. 6:1072(1) and (3) as follows:
 (1) "Check-casher" means an individual, partnership, unincorporated association, or corporation that, for compensation, engages, in whole or in part, in the business of cashing checks, drafts, money orders, or other commercial paper serving the same purpose. "Check-casher" does not mean an individual, partnership, unincorporated association, or corporation that charges no fee to the presenter or payor for the cashing of a check, draft, money order, or traveler's check.
 * * * * *
 (3) "Currency exchange" means the cashing of checks, drafts, money orders, or travelers checks, or other commercial paper serving the same purposes for a fee by any person other than a bank, trust company, savings bank, savings and loan association, or credit union, or any individual, partnership, unincorporated association, or corporation that charges no fee to the presenter or payor for the cashing of a check, draft, money order, or other commercial paper presented for the same purpose.
Licensure is a requirement imposed upon an individual or business that, for compensation, engages in whole or in part in the business of cashing checks, drafts, money orders, or other similar commercial paper. A business is exempt from licensure by law if that business charges no fee to the payor for the currency exchange. See R.S. 6:1072(1) and (3) quoted above.[2] Act 1208 is also inapplicable to those entities listed in R.S.6:1086, as follows:
 § 1086. Applicability
 This Chapter shall not apply to any bank, trust company, savings bank, savings and loan association, or credit union.
Of specific interest to you is whether a retail grocery store is subject to the new law created by Act 1208. It is the opinion of this office that a retail grocer must comply with the requirements of Act 1208 if the business charges a fee to its customers for check-cashing services.[3]
The legislature made no exception for those retailers whose predominant business is not the cashing of checks. Legislative amendment to the new law exempting those grocers whose primary business is not currency exchange would, in the opinion of this office, resolve the issue.[4]
Because the legislature provided no exemption for grocery stores, those retail grocers charging a fee for check-cashing services are currently subject to the licensure requirements imposed by the new law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 6:1073 is new law as enacted by Act 1208 and provides:
 § 1073. Licenses; certificates
 Beginning January 1, 2000, a person engaging in currency exchange shall obtain a license from the commissioner. A person may engage in such business at more than one location with one license. The commissioner shall issue a certificate for each currency exchange location in addition to the license.
[2] Act 1208 also amended the provisions of R.S. 6:423(D) to recognize the inapplicability of the new law to those businesses engaged in check-cashing who charge no fee:
 § 423. Check-cashing facility; location of business limited.
 * * * * *
 D. The provisions of this Section shall not apply to an individual, partnership, unincorporated association, or corporation that charges no fee to the presenter or payor for the cashing of a check, draft, money order, or traveler's check.
[3] Under Act 1208, a business that charges a fee for check-cashing must submit an application for licensure to the office of financial institutions in compliance with R.S. 6:1074; must meet the net worth and financial responsibility criteria of R.S. 6:1075; and is required by R.S. 6:1080 to post a twenty-five thousand dollar surety bond prior to the issuance of the license.
[4] In new legislation unrelated to the issue at hand, the legislature, in another area of law affecting banking-related activity, specifically exempted from new licensure requirements certain businesses engaged in mortgage loan activity whose "primary business is not that of a mortgage lender, broker, or originator." See Act 1098 of the 1999 Regular Legislative Session entitled "Residential Mortgage Brokers and Lenders" and R.S.6:1087 concerning exemptions, specifically, paragraph 11. The legislature could have so provided such an exemption with respect to retail grocers and check-cashing in Act 1208, but did not.